

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

April 13, 2022

D. Angus Lee

            Re:     United States v. John M. Cameron
                      Criminal Case No. 22-CR-00017-TFH

Dear Mr. Lee:

This letter sets forth the full and complete plea offer to your client, John M. Cameron (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on May 16, 2022. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

1. **Charges and Statutory Penalties**

Your client agrees to plead guilty to Count Four of the Superseding Information, charging your client with Parading, Demonstrating, or Picketing in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G).

Your client understands that a violation of Title 40, United States Code, Section 5104(e)(2)(G) carries a maximum sentence of six (6) months of imprisonment, pursuant to 40 U.S.C. § 5109(b); a term of probation of not more than five (5) years, pursuant to 18 U.S.C. § 3561(c); a fine of not more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii), your client agrees to pay a special assessment of $10 to the Clerk of the United States District Court for the District of Columbia.

2. **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please

Page 1 of 9

have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3. **Cooperation with Additional Investigation**

Your client agrees to allow law enforcement agents to review any social media accounts operated by your client for statements and postings in and around January 6, 2021, and conduct an interview of your client regarding the events in and around January 6, 2021, upon request and prior to sentencing. Your client can accomplish this through an in-person meeting with a law enforcement agent to allow the law enforcement agent to look through social media accounts on your client's phone or other device.

4. **Additional Charges**

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The Government will request that the Court dismiss the remaining counts of the Information and Superseding Information in this case at the time of sentencing. Your client agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

After the entry of your client's plea of guilty to the offense identified in paragraph 1 above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this Agreement and about which this Office was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

5. **Sentencing Guidelines Do Not Apply**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a). Your client further understands that 40 U.S.C. § 5104(e)(2)(G) is a class B misdemeanor, as defined by 18 U.S.C. § 3559(a)(7). Accordingly, pursuant to § 1B1.9 of the United States Sentencing Commission, *Guidelines Manual* (2018), the sentencing guidelines do not apply to your client's sentencing.

6. **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 7. Court Not Bound by this Agreement

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that the Government's recommendation is not binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

### 8. Conditions of Release

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community. Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

### 9. Waivers

#### a. Venue

Your client waives any challenge to venue in the District of Columbia.

### b.  Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### c.  Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule.  Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea.  Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a trial.  If there were a trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify.  If there were a trial and your client chose not to testify at that trial, your client's failure to testify could not be held against your client.  Your client would be presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt.  If your client were found guilty after a trial, your client would have the right to appeal your client's conviction.  Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution.  By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court.  Your client understands that the date for sentencing will be set by the Court.

Page 4 of 9

### d.  Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute.  Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances.  Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### e.  Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel.

### f.  Hearings by Video Teleconference and/or Teleconference

Your client agrees to consent, under the CARES Act, Section 15002(b)(4) and otherwise, to hold any proceedings in this matter – specifically including but not limited to presentment, initial appearance, plea hearing, and sentencing – by video teleconference and/or by teleconference and to waive any rights to demand an in-person/in-Court hearing.  Your client further agrees to not challenge or contest any findings by the Court that it may properly proceed by video teleconferencing and/or telephone conferencing in this case because, due to the COVID-19 pandemic, an in-person/in-Court hearing cannot be conducted in person without seriously jeopardizing public health and safety and that further there are specific reasons in this case that any such hearing, including a plea or sentencing hearing, cannot be further delayed without serious harm to the interests of justice.

### 10. Use of Self-Incriminating Information

The Government and your client agree, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this

Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

## 11. Restitution

Your client acknowledges that the riot that occurred on January 6, 2021, caused, as of May 17, 2021, approximately $1,495,326.55 damage to the United States Capitol. Your client agrees as part of the plea in this matter to pay restitution to the Architect of the Capitol in the amount of $500.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov. Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing. Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

## 12. <u>Interpreter</u>

Your client agrees that if an interpreter is required to assist your client in translating this Agreement into your client's native language, then your client agrees to request the Court, pursuant to "The Court Interpreter's Act," 28 U.S.C. § 1827, to secure the services of a certified interpreter at the Court's expense to verbally translate this Agreement and related documents for your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Agreement, or that this Agreement has been read to your client in your client's native language and that your client therefore understands this Agreement.

## 13. <u>Breach of Agreement</u>

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

## 14. **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than May 16, 2022.

Sincerely yours,

Matthew M. Graves
United States Attorney


By: _____
Emily W. Allen
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, D. Angus Lee. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 5/2/2022 | 9:24:58 PM PDT

John M. Cameron
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, John M. Cameron, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 5/3/2022 | 7:49:08 AM PDT

D. Angus Lee
Attorney for Defendant