**Honorable Thomas F. Hogan**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    PLAINTIFF,<br><br>vs.<br><br>JOHN CAMERON,<br>                    DEFENDANT. | No. 1:22-CR-17 TFH<br><br>JOHN CAMERON'S<br>MEMORANDUM IN AID OF SENTENCING |

COMES NOW, John Cameron, through counsel D. Angus Lee, pursuant to Federal Rule of Criminal Procedure 32 to address the sentencing factors of 18 U.S.C. §3553(a) in aid of the defendant's sentencing and to request that the court impose a sentence of 6 months probation and community service.

ANALYSIS

This court must impose a sentence that is ". . . not greater than necessary, to … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant…." 18 U.S.C. §3553(a)(2).  Here, a sentence of probation would reflect the seriousness of the misdemeanor offense, promote respect for the law, and provide a just punishment.  The conviction and probation would also provide the appropriate level of deterrence to others in the future, and would more than provide sufficient protection for the public

JOHN CAMERON'S
MEMORANDUM IN AID OF SENTENCING
No. 1:22-CR-17 TFH
Monday, August 1, 2022

1

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

from "the" defendant, Mr. Cameron, who has no criminal history in the last 25 years and whom was cooperative with law enforcement on the day of the event and since.

**A. The Nature and Circumstances of the Offense.**

Mr. Cameron plead guilty to Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(G).  Mr. Cameron had strongly held beliefs after the Presidential election that there had been irregularities in the election that were not proper. He decided to come to D.C. to peacefully protest the results of the election and the lack of attention to alleged voting irregularities. He did so with no intent to do anything but add his voice to the vocal protests over the injustice he perceived had happened in the election.  He was not armed, and he committed no violent actions in his peaceful protest.  He damaged no property.

Mr. Cameron entered the Capitol through an open door that had been opened ten minutes prior to his arrival at the door.  There were multiple police officers present near the open door who could observed the large volume of protesters walking through the open door.  As Mr. Cameron approached the door none of those officers issued any warnings or took any action to stop them from entering.

Once inside the Capital, Mr. Cameron walked through hallways but did not touch anything. He observed an open door to an office and walked to the door and observed several protesters inside the office.  Mr. Cameron stepped briefly into the office and then quickly backed out of the office because he believed (upon observation) that he should not be in the office space (as opposed to a hallway).

When Capital police came into the capital and announced it was time to leave Mr. Cameron peacefully walked towards the exit point.  Security video shows that when one protester near the exit point started to interact negatively with Capital Police, Mr. Cameron encouraged the man to

JOHN CAMERON'S
MEMORANDUM IN AID OF SENTENCING
No. 1:22-CR-17 TFH
Monday, August 1, 2022

2

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

leave the building.  While it is true that Mr. Cameron exited through a broken window, security video shows that the Capital Police specifically directed Mr. Cameron to exit through that window, as opposed to the nearby door.

Mr. Cameron's only desire was to participate in a democratic process that is protected under the 1st Amendment of our Constitution.  First and foremost, he wanted to see the president speak in real life (not on TV) after having heard President Trump ask for supporters to come hear him speak in person at the Capital.  Unfortunately, going into the Capitol was not part of that democratic process and he now stands before the court having pleaded guilty of parading and demonstrating in the Capitol.

**B.  History and Characteristics of the Defendant.**

Mr. Cameron is 55 years old and lives with his wife and two children in Port Orchard, Washington.  Mr. Cameron's only criminal history is a few minor offenses 25 to 35 years ago.  He is employed as a real estate agent and is a licensed broker in the State of Washington.  He has specialized training in commercial construction and as a journeyman carpenter.  Since May 1, 2021, he has been a managing broker with Link Real Estate, LLC, located in Lacey, Washington. His employer is aware of his pending sentencing.

> After confirming the personal information provided by the defendant regarding his childhood, his cousin, Rose Granda, expressed her support of the defendant. She described him as someone who is supportive of others and very generous. She advised he has overcome "significant life hurdles" due to his inner strength. Mrs. Granda indicated the defendant's childhood experiences and abandonment have helped him become an "amazing parent." She advised he does not want to expose his children to the same hardships he endured as a child. Finally, she noted he has served as a foster parent to a neighborhood child.

ECF 29, p. 8.

> They have one child, Jennalea Cameron, who is 12 years old. Mrs. Cameron also has a son from her first marriage, AJ Jimenez, who is 15 years old. The defendant related he enjoys a good relationship with both of his children, who are involved in

JOHN CAMERON'S
MEMORANDUM IN AID OF SENTENCING
No. 1:22-CR-17 TFH
Monday, August 1, 2022

3

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

> extracurricular activities that include track, volleyball, musical theater, and baseball. Mrs. Cameron confirmed this information and noted she is supportive of the defendant, who she described as a "supportive, caring and loving dad." She noted the defendant always puts everyone else before himself.

ECF 29, p. 8-9.

Since January 6, 2021, he has had no violations of state or federal law.  Charges in this matter were filed over a year later.  When Mr. Cameron was notified of the charges, he agreed to voluntarily surrender to law enforcement, and then made arraignments to meet them in Tacoma the morning of his pre-scheduled arraignment.  After meeting with law enforcement, as scheduled, he was taken into custody and held in solitary confinement pending the hearing.

> On January 18, 2022, the defendant was placed on personal recognizance with pretrial supervision….. According to the defendant's supervising officer in the Western District of Washington, DC, the defendant has complied with all Court ordered conditions of release.

ECF 29, p. 3.

**C. The Need for the Sentence imposed –**

**1) To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.**

The offense Mr. Cameron plead guilty to is a misdemeanor.  A period of probation will still reflect the seriousness of the offense, promote respect for the law and provide just punishment.  As the Supreme Court has noted, probation involves a "substantial restriction of freedom." *United States v. Gall*, 128 S.Ct. 586, 595 (2007). "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 583 US. 868, 874 (1987).

JOHN CAMERON'S
MEMORANDUM IN AID OF SENTENCING
No. 1:22-CR-17 TFH
Monday, August 1, 2022

4

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

**2)  To afford Adequate Deterrence to Criminal Conduct, and To Protect the Public from Further Crimes of the Defendant.**

This is Mr. Cameron's first contact with the criminal justice system in 25 years, and since January of 2021 he has had no additional issue or violations of supervised release.  A sentence of probation is enough in this case to ensure that he has no further criminal conduct and will protect the public any from further crimes by Mr. Cameron.  There is no indication that Mr. Cameron is likely to reoffend or be a danger to the public.  The charges and guilty plea in this matter have already significantly impacted his life and have subjected him to significant public opprobrium via local and national news reports online, in print, and on television.[1]

Mr. Cameron was also de-platformed from Facebook as a result of the charges and media coverage.  Facebook was his primary source of lead generation for his business.  This de-platforming has had a significant negative financial impact on him.

**3)  To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

Mr. Cameron is not in need of any educational or vocational training. Nor does he require medical care or other correctional treatment.

---

[1] https://www.seattletimes.com/seattle-news/law-justice/port-orchard-man-becomes-12th-washington-resident-charged-in-jan-6-capitol-riot/ (last viewed on July 26, 2022); https://www.king5.com/article/news/crime/port-orchard-man-pleads-guilty-capitol-riot/281-2d725da5-389d-47d7-8192-105d859eb77f (last viewed on July 26, 2022); https://www.kitsapdailynews.com/news/port-orchard-man-charged-in-jan-6-capitol-insurrection/ (last viewed on July 26, 2022); https://www.kitsapsun.com/story/news/2022/05/13/port-orchard-john-cameron-pleads-guilty-misdemeanor-jan-6-riots/9769463002/ (last viewed on July 26, 2022); https://www.thedailybeast.com/jan-6-rioters-james-wayne-brooks-john-cameron-charged-for-part-in-capitol-insurrection (last viewed on July 26, 2022); https://www.usatoday.com/storytelling/capitol-riot-mob-arrests/ (last viewed on July 26, 2022); https://knowyourmeme.com/photos/2285741-january-6th-2021-storming-of-the-united-states-capitol (last viewed on July 26, 2022).

JOHN CAMERON'S
MEMORANDUM IN AID OF SENTENCING
No. 1:22-CR-17 TFH
Monday, August 1, 2022

5

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

He has been actively engaged in AA meetings since 2016, and is on the board of the AA chapter in Pierce County, Washington.  And while he has every intention of continuing with AA, attendance or other treatment should not be required as a part of his sentence simply because substance use or abuse was not a part of the events of his case in any way.

### D. The Kind of Sentences Available, and The Kinds of Sentence and the Sentencing Range Established by the Guidelines.

As this is a Class C misdemeanor the Federal Sentencing Guidelines do not apply. This court may impose a sentence that is "not greater than necessary" to comply with the purposes 18 U.S.C. §3553(a).

### E. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.

A sentence of probation would be consistent with other similarly situated defendants with cases arising out of January 6th events and consistent with sentences in Class C misdemeanors generally.

In both state and federal court, a conviction for a run of the mill misdemeanor would normally result in probation and a fine.  This is especially true when dealing with a defendant who had only minor criminal history from 25-35 years prior and when dealing with a case where the defendant did not personally engage in any act of violence of property damage.

As it relates to cases arising out of January 6th, where the defendant walked through an open door, damaged no property, and left when directed by law enforcement, probation would be consistent with similarly situated defendants.  See, e.g., similar cases previously sentenced by this court where no custody was imposed at sentencing, *United States v.* Jessica Bustle, 1:21-CR-00238; U*nited States v.* Joshua Bustle, 1:21-CR-00238; *United States v.* Andrew Hatley, 1:21-CR-00098; *United States v.* Jacob Wiedrich, 1:21-CR-00581; *United States v.* John Juran, 1:21-CR-

JOHN CAMERON'S
MEMORANDUM IN AID OF SENTENCING
No. 1:22-CR-17 TFH
Monday, August 1, 2022

6

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

00419; *United States v.* Kenneth Reda, 1:21-CR-00452.[2]  Upon review of those cases it appears

that the facts of Mr. Cameron's case are equal to or less than all of them.  Accordingly, a probation

sentence would be consistent with other similarly situated defendants.

## CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge

to consider every convicted person as an individual and every case as a unique study in the human

failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

*Gall v. United States*, 128 S.Ct. 586, 598 (2007) (citing *Koon v. United States*, 518 U.S. 81, 113

(1996)).

The defendant's case is unique.  He is a 55-year-old man caught up in the passion and

excitement of the crowd.  He followed the crowd into the building and then left when directed.  As

set out above, a sentence of probation and a fine will satisfy the 18 U.S.C. §3553(a) factors.

Respectfully submitted this Monday, August 1, 2022.

ANGUS LEE LAW FIRM, PLLC

*S// D. Angus Lee*
D. Angus Lee, WSBA# 36473
*Pro hac vice*
Attorney for John Cameron
Angus Lee Law Firm, PLLC
9105A NE HWY 99 Suite 200
Vancouver, WA 98665
Phone: 360.635.6464 Fax: 888.509.8268
E-mail: Angus@AngusLeeLaw.com

---

[2] This court has imposed jail in two cases with the same charge as the one here, however those cases are highly distinguishable and are only similar in the charge, not the facts of the case.  See *United States v. Robert Reeder*, 1:21-CR-00166 (Court imposed custody based on later-discovered evidence of assault): *United States v. Annie Howell*, 1:21-CR-00217 (Howell made advance plans for violence, climbed through a broken window to access the building, likely destroyed evidence, and other aggravating factors).

JOHN CAMERON'S
MEMORANDUM IN AID OF SENTENCING
No. 1:22-CR-17 TFH
Monday, August 1, 2022

7

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

CERTIFICATE OF SERVICE

I certify that on this date I transmitted a copy of the document to which this certificate is

affixed to the individual(s) identified below in the manner indicated below:

Emily Allen                                ☐    U.S. Mail-postage prepaid
United States of America                   ☐    Overnight Courier
                                           ☐    FAX
                                           ☒    Electronically filed with the Clerk of the
                                                Court using the CM/ECF System which will
                                                send notification of such filing to the identified
                                                individual.

DATED this Monday, August 1, 2022 at Vancouver, Washington.

*S// D. Angus Lee*
D. Angus Lee